FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

AUG - 8 2012

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) CRIMINAL NO. 12-1932 |
| vs. | ) |
| ROBIN CASH, | ) Counts 1-4: 18 U.S.C. § 666(a)(1)(A): Theft Concerning Programs Receiving Federal Funds; |
| Defendant. | ) Counts 5-7: 26 U.S.C. § 7203: Willful Failure to File Tax Return. |

## INDICTMENT

The Grand Jury charges:

### Background

1. Alternative House, Inc. ("AHI") is a not-for profit corporation organized under the laws of the State of New Mexico. At all times relevant to this indictment, AHI operated the La Pasada Halfway House ("La Pasada"), a residential center located in Albuquerque, New Mexico.

2. La Pasada's primary function is to provide a structured residential environment for individuals moving through the federal criminal justice process, including defendants awaiting trial and individuals transitioning back into society after serving a term of imprisonment.

3. At all times relevant to this indictment, AHI's Board of Directors had ultimate authority over operations at La Pasada. Day to day operations, however, were overseen by an Executive Director, who was hired and appointed by the Board of Directors.

4. The Pre-Trial Services Office ("PTS") is an arm of the United States District Court for the District of New Mexico. Among its various functions, PTS is responsible for

supervising defendants who are awaiting trial on federal criminal charges. Pursuant to 18 U.S.C. § 3154, PTS is required to "[o]perate or contract for the operation of appropriate facilities for the custody or care of persons released under this chapter including residential halfway houses . . ."

5. In order to discharge the statutory responsibility described in paragraph 4 above, at all times relevant to this indictment, the United States District Court was party to a Blanket Purchase Agreement with La Pasada. This Blanket Purchase Agreement established terms and conditions under which PTS could refer federal pre-trial defendants for residential placement at La Pasada. These terms included the daily rate that La Pasada would be paid for housing each resident referred by the Court.

6. The terms of the Blanket Purchase Agreement obligated PTS to pay the costs associated with the federal defendants referred to La Pasada. Those referred residents who were gainfully employed, however, were required to pay up to 25% of their gross income to satisfy all, or a portion, of the cost of their stay at La Pasada. At all times relevant to this indictment, payments from PTS to La Pasada were made in the form of a monthly check that was either mailed to La Pasada or picked up at the United States Courthouse upon submission of an invoice from La Pasada. Payments from employed residents were made in the form of a money order or cashier's check paid from the resident directly to La Pasada.

7. In keeping with the terms of the Blanket Purchase Agreement, at all times relevant to this indictment, the United States District Court made monthly payments to La Pasada for the expenses associated with referred residents. Although the amount of the monthly payment from PTS varied depending on the number of referred residents during any given month, at all times relevant to this indictment, these payments were approximately $60,000 to $80,000 per month.

8.　　At all times relevant to this indictment, La Pasada maintained its business bank account at BBVA Compass Bank in Albuquerque.

## The Present Allegations

9.　　On or about April 1, 2008, the Board of Directors of AHI hired defendant **ROBIN CASH** as Executive Director of La Pasada. Upon her hiring as Executive Director, **CASH** was awarded a salary of approximately $45,000 per year.

10.　　On or about April 28, 2008, **CASH** was added as a signatory on the La Pasada operating account at Compass Bank described in paragraph 8 above. At approximately the same time, **CASH** received a debit card attached to that account. This debit card enabled **CASH** to charge purchases directly to the La Pasada account and to withdraw cash from the La Pasada account though automated teller machines.

11.　　Beginning in approximately September 2008 and continuing through January 2011, on a regular basis, **CASH** made unauthorized debits to the Compass Bank account, the proceeds of which she used for her own benefit and for items wholly unrelated to her duties at La Pasada. Such unauthorized debits include, but are not limited to, the following types of charges:

   a. Checks written to **CASH**'s family member as payment for services which were never provided to La Pasada;

   b. ATM withdrawals at various locations in the Albuquerque area, including at local casinos;

   c. Debit card charges at casinos in Las Vegas, Nevada;

   d. Withdrawals of cash through in-person teller transactions;

   e. Debit card charges at retail outlets including Best Buy.

12.　　On or about April 12, 2010, without the knowledge or assent of the AHI Board of

Directors, **CASH** opened a checking account and corresponding savings account at Bank of Albuquerque in the name of La Pasada.

13. After opening the unauthorized accounts at Bank of Albuquerque, **CASH** regularly took the money orders provided by residents of La Pasada, and deposited those money orders into the checking account at Bank of Albuquerque.

14. Between approximately April 2010 and February 2011, on a regular basis **CASH** used the debit card associated with the Bank of Albuquerque account to pay for personal expenses wholly unrelated to the benefit of La Pasada.

## Count 1

15. The Grand Jury hereby realleges and reincorporates the allegations contained in paragraphs 1-14, as though fully set forth herein.

16. Between September 2, 2008 and December 22, 2008, both dates being approximate and inclusive, in Bernalillo County, in the District of New Mexico and elsewhere, the defendant, **ROBIN CASH**, while an agent of an organization that received at least $10,000 in benefits under a federal program during calendar year 2008, to wit, Alternative House, Inc., knowingly and unlawfully embezzled, stole and converted to her own use property valued at $5,000 or more that was owned by or under the care, custody or control of that organization.

In violation of 18 U.S.C. § 666(a)(1)(A).

## Count 2

17. The Grand Jury hereby realleges and reincorporates the allegations contained in paragraphs 1-14, as though fully set forth herein.

18. Between January 5, 2009 and December 14, 2009, both dates being approximate

and inclusive, in Bernalillo County, in the District of New Mexico and elsewhere, the defendant, **ROBIN CASH**, while an agent of an organization that received at least $10,000 in benefits under a federal program during calendar year 2009, to wit, Alternative House, Inc. knowingly and unlawfully embezzled, stole and converted to her own use property valued at $5,000 or more that was owned by or under the care, custody or control of that organization.

In violation of 18 U.S.C. § 666(a)(1)(A).

## Count 3

19. The Grand Jury hereby realleges and reincorporates the allegations contained in paragraphs 1-14, as though fully set forth herein.

20. Between January 4, 2010 and December 31, 2010, both dates being approximate and inclusive, in Bernalillo County, in the District of New Mexico and elsewhere, the defendant, **ROBIN CASH**, while an agent of an organization that received at least $10,000 in benefits under a federal program during calendar year 2010, to wit, Alternative House, Inc. knowingly and unlawfully embezzled, stole and converted to her own use property valued at $5,000 or more that was owned by or under the care, custody or control of that organization.

In violation of 18 U.S.C. § 666(a)(1)(A).

## Count 4

21. The Grand Jury hereby realleges and reincorporates the allegations contained in paragraphs 1-14, *supra*, as though fully set forth herein.

22. Between January 3, 2011 and February 17, 2011, both dates being approximate and inclusive, in Bernalillo County, in the District of New Mexico and elsewhere, the defendant, **ROBIN CASH**, while an agent of an organization that received at least $10,000 in benefits

under a federal program during calendar year 2011, to wit, Alternative House, Inc. knowingly and unlawfully embezzled, stole and converted to her own use property valued at $5,000 or more that was owned by or under the care, custody or control of that organization.

In violation of 18 U.S.C. § 666(a)(1)(A).

### Count 5

23.     During the calendar year 2008, the defendant, **ROBIN CASH**, who was a resident of Albuquerque, New Mexico, had and received gross income totaling approximately $46,104.00. By reason of that gross income, she was required by law, following the close of the calendar year 2008 and on or before April 15, 2009, to make an income tax return to the Internal Revenue Service Center, at Austin, Texas, to a person assigned to receive returns at the local office of the Internal Revenue Service at Albuquerque, New Mexico, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue, stating specifically the items of her gross income and any deductions and credits to which she was entitled. Well knowing and believing all the foregoing, she did willfully fail, on or about April 15, 2009, in the District of New Mexico and elsewhere, to file an income tax return.

In violation of Title 26 U.S.C. § 7203.

### Count 6

24.     During the calendar year 2009, the defendant, **ROBIN CASH**, who was a resident of Albuquerque, New Mexico, had and received gross income totaling approximately $113,248.51. By reason of that gross income, she was required by law, following the close of the calendar year 2009 and on or before April 18, 2010, to make an income tax return to the Internal Revenue Service Center, at Austin, Texas, to a person assigned to receive returns at the local

office of the Internal Revenue Service at Albuquerque, New Mexico, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue, stating specifically the items of her gross income and any deductions and credits to which she was entitled. Well knowing and believing all the foregoing, she did willfully fail, on or about April 18, 2010, in the District of New Mexico and elsewhere, to file an income tax return.

In violation of Title 26 U.S.C. § 7203.

## Count 7

25. During the calendar year 2010, the defendant, **ROBIN CASH**, who was a resident of Albuquerque, New Mexico, had and received gross income totaling approximately $173,526.71. By reason of that gross income, she was required by law, following the close of the calendar year 2010 and on or before April 15, 2011, to make an income tax return to the Internal Revenue Service Center, at Austin, Texas, to a person assigned to receive returns at the local office of the Internal Revenue Service at Albuquerque, New Mexico, or to another Internal Revenue Service office permitted by the Commissioner of Internal Revenue, stating specifically the items of her gross income and any deductions and credits to which she was entitled. Well knowing and believing all the foregoing, she did willfully fail, on or about April 15, 2011, in the District of New Mexico and elsewhere, to file an income tax return.

In violation of Title 26 U.S.C. § 7203.

A TRUE BILL:

/s/
FOREPERSON OF THE GRAND JURY

Assistant United States Attorney
08/06/12 1:09pm