IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cr. No. 12-1932 JH |
| vs. ) | |
| ) | |
| **ROBIN CASH**, ) | |
| ) | |
| Defendant. ) | |

## UNITED STATES' OBJECTION TO THE PRESENTENCE REPORT

The United States respectfully submits the following objection to the Presentence Report ("PSR) in this matter as disclosed on September 4, 2013. The United States objects to the PSR's calculation of Defendant's final adjusted offense level insofar as that calculation fails to include a two-level enhancement pursuant to USSG §3B1.3 based on Defendant's abuse of a position of trust.

### BACKGROUND

On May 15, 2013, Defendant Robin Cash entered a plea of guilty to a seven-count indictment charging her with violations of 18 U.S.C. § 666(a)(1)(A), that being theft concerning federal programs and 26 U.S.C. § 7203, that being willful failure to file tax return. Doc. 30. The theft charges contained in the indictment stem from Defendant's embezzlement of approximately $202,000 from Alternative House, Inc., d/b/a/ La Pasada Halfway House while serving as Executive Director of the La Pasada Halfway House. As detailed in both the indictment and the PSR, between September 2008 and January 2011, while serving as Executive Director of La Pasada, Defendant made a series of cash withdrawals from ATM machines, including machines located at casinos in Albuquerque and Las Vegas, Nevada. *See* PSR ¶ 6. Defendant used these

funds for her personal benefit and not for any purpose related to the La Pasada Halfway House. *Id.*

Similarly, in or about April 2010, Defendant opened a bank account at Bank of Albuquerque in the name of La Pasada. PSR ¶ 7. Defendant opened this account without informing the Board of Directors or seeking their permission. *Id.* Defendant then deposited into this account a number of money orders that were submitted by clients of La Pasada to cover the costs of their stay. *Id.* Defendant then used these funds for her own benefit and not for any legitimate purpose related to the halfway house. *Id.*

ARGUMENT

The United States objects to the calculation of Defendant's total offense level as contained in Paragraph 41 of the PSR. Specifically, the United States objects to the PSR's failure to assign Defendant a two-level increase in total offense level pursuant to USSG §3B1.3 based on Defendant's abuse of a position of trust. In this case, Defendant abused a position of private trust "in a manner that significantly facilitated the commission or concealment of the offense." USSG §3B1.3. As noted in Paragraph 6 of the PSR, Defendant committed the instant offense while employed as the Executive Director of the La Pasada Halfway House. PSR ¶ 6. In this position, Defendant had no direct supervisor, but reported only to the Board of Directors of Alternative House, Inc. In describing the duties and responsibilities of the Executive Director, the La Pasada policy states that "[t]he Executive Director is responsible for operation of all agency programs and staff supervision, subject to policies set by the Board of Directors." Ex. 1. As such, Defendant was "subject to significantly less supervision than employees whose responsibilities are primarily non-discretionary in nature." USSG §3B1.3, App. Note 1; *see, e.g.,*

*United States v. Ratliff*, 376 F. App'x 830, 837 (10th Cir. 2010) (discussing requirements of enhancement under USSG §3B1.3).

As noted in the PSR, upon assuming the position as Executive Director, Defendant "was added as a signatory to the La Pasada operating account at Compass Bank." PSR ¶ 6. At this time "Cash received a debit card from the account which allowed her to purchase items for La Pasada directly through this account and authorized her to with draw money from ATM machines…" *Id.* Defendant's ready access to the La Pasada operating account and the absence of any supervision, other than general oversight by the Board of Directors, clearly demonstrates that Defendant was subject to far less supervision and oversight than other employees of La Pasada. Moreover, by its very nature, Defendant's position was endowed with substantial managerial discretion, allowing Defendant to determine what purchases needed to me made and how best to make them. As a result, Defendant was in a position to make substantial withdrawals and expenditures of funds with little requirement that she explain or justify such transactions. *See United States v. Arreola*, 548 F.3d 1340, 1346-47 (10th Cir. 2008) (noting purchasing discretion as an indicia of a position of private trust). This state of affairs allowed Defendant to withdraw significant sums of money for her own personal use without being detected, thereby facilitating the commission and concealment of the offenses set forth in Counts 1-4 of the indictment.[1]

## CONCLUSION

For the foregoing reasons, the United States respectfully submits that an additional two-level increase should be added to Defendant's offense level pursuant to USSG §3B1.3.

---

[1] The United States submits that Defendant's conduct as detailed in the PSR would also make her eligible for a two – level increase in offense level pursuant to USSG §2B1.1(b)(9)(A) based on her misrepresentation(s) that she was acting on behalf of a charitable organization. On several occasions during the commission of the instant offense, Defendant falsely represented that she was acting on behalf of La Pasada. For example, when discussing the bank account at Bank of Albuquerque, the PSR notes that Defendant "opened the account in the name of La Pasada" thereby representing that she was acting on behalf of La Pasada. PSR ¶ 6. Nonetheless, the United States recognizes that inclusion of this enhancement in addition to the enhancement for abuse of trust under USSG §3B1.3 would likely constitute double counting as the conduct underlying both enhancements would be nearly identical.

Respectfully submitted,

STEVEN C. YARBROUGH
Acting United States Attorney

/s/ Electronically Filed

JOHN C. ANDERSON
Assistant U.S. Attorney
201 Third St. NW, Suite 900
Albuquerque, NM 87102
(505) 346-7274
(505) 246-7296 fax

I certify that I filed the foregoing pleading using the CM/ECF system, which is designed to serve a copy upon Counsel for Defendant.

/s/ *Electronically Filed*

John C. Anderson
Assistant U.S. Attorney